# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

COURTNEY L. YOUNG
ADC # 156347                                                                    PLAINTIFF

v.                                    2:15CV00190-BRW-JJV

MICHAEL NEAL, Sheriff,
Monroe County                                                                  DEFENDANT

### ORDER

On December 1, 2015, Plaintiff filed a 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). (Doc. Nos. 1-2.) That same day, I found his Application incomplete and ordered Plaintiff to submit the proper forms within thirty (30) days. (Doc. No. 3.)  More than thirty days passed and, when Plaintiff failed to comply with my Order, I recommended this action be dismissed. (Doc. No. 7.) Finally, in his Objections to that recommendation.  (Doc. No. 8.)  Plaintiff submitted the necessary forms. Accordingly, he will be granted *in forma pauperis* status. I will also direct service for the named Defendants.

## I.      APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.[1] 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed

---

[1]Effective May 1, 2013, the cost for filing a new civil case is $400.  The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court shall assess an initial partial filing fee of **$4.28**.  If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the Director of the Arkansas Department of Correction shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00.  Regardless of the balance in the account, the Director of the Arkansas Department of Correction shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00.  Plaintiff's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.    SERVICE

I conclude that, for screening purposes, Plaintiff has stated viable claims against Defendants Michael Neal and Tiffany Curruth. These allegations are distributed across two amended complaints, however.  (Doc. Nos. 4-5.)  In light of Plaintiff's *pro se* status, I will allow these pleadings to be read

jointly as a single Complaint.  If Plaintiff elects to make any additional amendments to his claims,

however, I will require him to file a single, comprehensive Complaint.

## III.     LOCAL RULE

Plaintiff is hereby notified of his duty to comply with the Local Rules of the Court.  Of

particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to
> promptly notify the Clerk and the other parties to the proceedings of any change in
> his or her address, to monitor the progress of the case, and to prosecute or defend the
> action diligently. A party appearing for himself/herself shall sign his/her pleadings
> and state his/her address, zip code, and telephone number. If any communication
> from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the
> case may be dismissed without prejudice. Any party proceeding *pro se* shall be
> expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

## IV.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Plaintiff will be allowed to proceed *in forma pauperis.*

2.     As Plaintiff's present custodian, the Director of the Arkansas Department of

Correction or her designee shall collect from Plaintiff's institutional account an initial partial filing

fee of **$4.28** and forward that amount to the Clerk of this Court.  The payment must be clearly

identified by the name and number assigned to this action.

3.     Thereafter, the Director of the Arkansas Department of Correction or her designee,

or any future custodian, shall collect from Plaintiff's institutional account the balance of the filing

fee by collecting monthly payments equal to 20% of the preceding month's income credited to

Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments

to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been

collected and forwarded to the Clerk. The payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

4.      The Clerk of the Court shall send a copy of this Order to: (1) the Warden of the Varner Unit of the Arkansas Department of Correction, P.O. Box 600, Grady, AR 71644-0600; (2) the ADC Trust Fund Centralized Banking Office, Post Office Box 8908, Pine Bluff, Arkansas 71611; and (3) the Arkansas Department of Correction Compliance Office, Post Office Box 20550, Pine Bluff, Arkansas 71612-0550.

5.      The Clerk shall also prepare summons for Defendants Michael Neal and Tiffany Curruth and the United States Marshal shall serve a copy of the Summons, Amended Complaints (Doc. Nos. 4-5), and this Order on these Defendants without prepayment of costs or security therefore.  Service for both should be through the Monroe County Detention Center, 200 South Main Street, Clarendon, AR 72029.

DATED this 20th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE