IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

COURTNEY L. YOUNG,  
        Plaintiff,  
v.          No. 2:15CV00190-JJV  
MICHAEL NEAL, Sheriff,  
Monroe County; *et al.*  
        Defendants.

**MEMORANDUM AND ORDER**

**I.  INTRODUCTION**

Courtney L. Young ("Plaintiff") filed this cause of action against Monroe County Sheriff Michael Neal and Monroe County Detention Center Administrator Tiffany Carruth[1] ("Defendants"). Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. (Doc. No. 5.) He says he was incarcerated at the Monroe County Detention Center and had a follow up doctor appointment for his broken leg on September 8, 2015. (*Id.* at 6.) Plaintiff alleges he notified Defendants through the grievance system of this appointment multiple times but they failed to ensure he made this very important medical appointment. (*Id.*) As a result of missing this appointment, Plaintiff says his leg did not heal properly and he suffers from constant pain. (*Id.* at 7.)

Defendants have now filed a Motion for Summary Judgment. (Doc. No 27.) Plaintiff has not responded. So the matter is ready for a decision.

**II.  SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

---

[1] Defendant's Motion states the correct spelling is Carruth. The Clerk shall amend the docket to reflect this.

1

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

Defendants advance three arguments in support of their Motion for Summary Judgment. First, they argue the record establishes that neither Defendant was deliberately indifferent to Plaintiff's medical needs. (Doc. No. 28 at 2-4.) Second, they say there is no constitutional right to a grievance procedure. (*Id.* at 4-5.) Third, they contend they are entitled to qualified immunity. (*Id.* at 5-6.) And fourth, they say Plaintiff has failed to state any viable official capacity claims. (*Id.* at 6-8.) After careful review of the pleadings and for the reasons stated hereafter, I conclude Defendants are entitled to summary judgment.

**A.      Official Capacity Claims**

An official capacity claim against an individual is equivalent to a claim against the entity that employs him. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted). Accordingly, Plaintiff's official capacity claims must be construed as proceeding against Monroe County. In order to sustain a section 1983 claim against a county defendant, however, a claimant must establish that it has implemented some policy, custom, or practice which violated his constitutional rights. *See Angarita v. St. Louis County*, 981 F.2d 1537, 1546 (8th Cir. 1992).

I find Plaintiff has failed to allege the existence of any county policy or practice which violated his rights. Nothing in his Amended Complaint indicates the purported inadequacies in his medical care can or should be attributed to any policy, official or otherwise, of Monroe County. Based on the foregoing, I recommend Plaintiff's official capacity claims be dismissed.

**B.      Qualified Immunity**[2]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).

---

[2]In their brief, Defendants raise a separate argument that the weight of evidence does not support a violation of Plaintiff's Eighth Amendment rights. Analysis of that argument overlaps with a discussion of qualified immunity, and I elect to evaluate immunity first because "Qualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible stage of the litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). After reviewing the record, I find the facts shown, construed in a light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

With respect to Plaintiff's claims, Defendants have provided evidence that Mr. Young was seen several times by doctors. On August 18, 2015, he was taken to Baptist Health of Stuttgart. (Doc. No. 29-4.) He was seen again on August 26, 2015, by Richard Royce Wilson, M.D., at the Mid-Delta Health Clinic. (Doc. No. 29-5.) Medical notes from this visit state Plaintiff was supposed to return on August 27, 2015, for an x-ray (*Id.* at 5), but nothing in the records from either visit reveals any serious condition. On September 21, 2015, Plaintiff requested medical care and the form says he had an appointment scheduled for September 23, 2015. (Doc. No. 29-2 at 1.) However,

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

4

Plaintiff was released on September 22, 2015.  (*Id.* at 2.)

Although Defendants say, "There is not evidence that the Plaintiff had an appointment scheduled on September 8, 2015. . ." (Doc. No. 28 at 4), Plaintiff has provided an "Appointment Confirmation" from the BH Orthopedic Clinic Stuttgart. (Doc. No. 4 at 9.)  But even if Plaintiff was not taken to his doctor for his scheduled appointment on September 8, 2015,  it does not establish that Defendants were deliberately indifferent to Plaintiff's medical needs.  Notably, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions."  *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).   Instead, "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct."  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).[4]

No evidence or allegation before me, however, indicates that Defendants Neal or Carruth acted with the kind of recklessness necessary to sustain a deliberate indifference claim.  At best, I find their actions would be negligence in not ensuring he was taken to his appointment on September 8, 2015.  Additionally, I note the confirmation indicates the appointment was for physical therapy.  (Doc. No. 4 at 9.)  Based on the foregoing, I conclude Defendants are entitled to qualified immunity and the individual claims against them should be dismissed on that basis.

Finally, Defendants are correct with regard to Plaintiff's claim that Defendants failed to respond to his grievances.  This claim fails to state a constitutional claim for relief.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  The jail grievance procedure is a procedural right only and does not confer any substantive right on a detainee.  Accordingly, this claim should be dismissed.

---

[4]It appears Plaintiff was a pre-trial detainee at the time of these events. Regardless, deliberate indifference is the appropriate standard by which to weigh Plaintiff's claims.  *See Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007).

IV.    CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 27) is GRANTED.

2. This cause of action is DISMISSED with prejudice.

3. The Clerk shall amend the docket to reflect the correct spelling of Tiffany Carruth.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 23rd day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE